# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02979-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

GONZALO GOMEZ,

    Applicant,

v.

STATE OF COLORADO, and
LARIMER COUNTY,

    Respondents.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Applicant, Gonzalo Gomez, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Victorville, in Adelanto, California.  He has submitted *pro se* a document titled "Motion to Vacate, and Request for Expedited Hearing, Under 28 U.S.C. § 1691, Writ of Error Coram Nobis, The All Writs Act" (ECF No. 1).  As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X    is not submitted
(2)   __    is missing affidavit
(3)   __    is missing certified copy of prisoner's trust fund statement for the 6-month

|      |     | period immediately preceding this filing |
|------|-----|---|
| (4)  | X   | is missing certificate showing current balance in prison account |
| (5)  | __  | is missing required financial information |
| (6)  | __  | is missing an original signature by the prisoner |
| (7)  | __  | is not on proper form (must use the court's current form) |
| (8)  | __  | names in caption do not match names in caption of complaint, petition or habeas application |
| (9)  | X   | other: The § 1915 motion and affidavit and certificate showing prison account balance are necessary only if the $5.00 filing fee is not paid in full in advance. |

**Complaint, Petition or Application**:

| (10) | __ | is not submitted |
|------|-----|---|
| (11) | X  | is not on proper form |
| (12) | __ | is missing an original signature by the prisoner |
| (13) | __ | is missing page nos. __ |
| (14) | __ | uses et al. instead of listing all parties in caption |
| (15) | __ | names in caption do not match names in text |
| (16) | __ | addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application |
| (17) | X  | other: The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian. The State of Colorado and Larimer County are not proper parties to this action. |

Finally, Applicant's claims must be brought in a habeas corpus application pursuant to 28 U.S.C. § 2254.  *See Hagin v. Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005).  Because Applicant seeks to set aside his state court conviction, his sole remedy lies in a habeas corpus action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus); *see also Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Applicant need only use the form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action if he does not opt to pay the $5.00 filing fee.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED November 1, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge