IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02979-BNB

GONZALO GOMEZ,

    Applicant,

v.

LINDA MACGREW, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Gonzalo Gomez, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary at Victorville in Adelanto, California. Mr. Gomez has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 10) and a supporting brief titled "Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2254" (ECF No. 12) challenging the validity of his state court convictions in Larimer County District Court case numbers 89-CR-0628 and 90-CR-0324. He has paid the $5.00 filing fee.

On February 4, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 15) directing Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On February 21, 2014, Respondents filed a pre-answer response (ECF No. 21) arguing that the Court lacks jurisdiction because Mr. Gomez is not in custody and that the claims in the Application are both

untimely and procedurally barred. On March 24, 2014, Mr. Gomez filed a reply (ECF No. 23) to the pre-answer response.

The Court must construe the habeas corpus application and other papers filed by Mr. Gomez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied and the action will be dismissed for lack of jurisdiction.

Mr. Gomez contends he is challenging two Larimer County, Colorado, district convictions for: (1) attempt to commit a sale of a controlled substance in Case No. 90CR0324, for which he alleges he received a suspended four-year sentence to the Colorado Department of Corrections; and (2) attempted possession of a controlled substance in No. 89CR0628, for which he alleges he received a ninety-day jail sentence. *See* ECF Nos. 10 at 2, 12 at 3-4. In the amended habeas corpus application, he concedes these conviction and sentences are expired. *See* ECF No. 10 at 9. Respondents agree. *See* ECF No. 21 at 5, ex. C.

In the amended application, Mr. Gomez does not contend he still is serving the sentences imposed as a result of his Larimer County convictions. Nor does he contend that the Larimer County convictions were used to enhance the unrelated federal sentence he is serving in California. Rather, he asserts a claim that counsel in each of his Larimer County proceedings was ineffective for misadvising him that his guilty pleas would have no immigration consequences, and asks this Court to vacate his expired state convictions. Only in the reply does Mr. Gomez contend his prior convictions are

being used to enhance his current sentence in an unrelated federal case.

As noted above, Respondents first argue that the Court lacks jurisdiction over this action because Mr. Gomez is not in custody for the purposes of the convictions he is challenging. The Court agrees.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009). Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally, it is Mr. Gomez's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

The parties do not dispute the fact that Mr. Gomez has completely discharged his state sentences. However, Mr. Gomez contends in the reply that he satisfies the custody requirement because his Larimer County convictions were used to enhance the unrelated federal sentence he currently is serving in California.

Mr. Gomez's argument that he is in custody with respect to his Larimer County convictions because those convictions were used to enhance the federal sentence he

3

currently is serving lacks merit. *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

For these reasons, the Court finds that Mr. Gomez fails to satisfy his burden of demonstrating he is in custody with respect to his Larimer County convictions. As a result, the action must be dismissed for lack of jurisdiction.

The Court recognizes that Mr. Gomez could satisfy the "in custody" requirement if the application were construed as challenging the validity of his federal conviction because he alleges he still is serving the sentence imposed in that case. *See Lackawanna*, 532 U.S. at 401-02. However, Mr. Gomez would have to attack the federal conviction, not the Larimer County convictions. There is no indication in the application that Mr. Gomez seeks to challenge the validity of his federal conviction in this action. In any event, this Court would lack jurisdiction over an attack on Mr. Gomez's federal conviction because he was not convicted or sentenced in this Court. *See* 28 U.S.C. § 2255(a); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996 (a § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence). Therefore, the application must be dismissed for lack of jurisdiction.

The Court will not address the affirmative defenses raised by the Colorado Respondents in the pre-answer response because the action will be dismissed for lack

of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 10) is denied and the action is dismissed without prejudice for lack of jurisdiction because Applicant, Gonzolo Gomez, is not in custody for the purposes of the convictions under attack. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of    July       , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court